The respondent recovered a judgment at law in the sum of $4,220 damages and $62.75 costs of suit against Rose K. *Page 351 
Dwyer. The execution was returned unsatisfied since there was no property of any kind found to levy upon. The respondent then filed a bill in equity pursuant to R.S. 2:29-110 to compel the discovery of property held in trust for the judgment debtor, except such property as is reserved by law. Under R.S. 2:29-111
the court has power to compel satisfaction out of trust property, except where the trust has been set up by some person other than the debtor.
Mrs. Dwyer, nearly twenty years ago, acquired a property in Woodbridge. She has continually occupied it since then as a residence. In 1932 she caused a corporation to be formed. Ten shares of capital stock were issued; one she gave to a sister and another to a brother. A finding that all the stock was in equity hers was justified by the proofs. She was the only person benefited by the corporation; the one who paid all the bills and supplied all the money. Clearly, the corporation was Mrs. Dwyer. The corporation acquired a contract interest after a tax sale covering the residence in question.
It was this property which the court reached in aid of the execution at law. The court had power, under the statute, to reach all the corporate stock held for Mrs. Dwyer's benefit. Through the control of the stock it could reach the assets of the corporation, since the stock would be valueless to the judgment creditor if the corporate assets were not sold.
The respondent, having exhausted his remedy at law, was entitled to the aid of a court of equity pursuant to the statute.
Answering the argument in the appellant's brief the testimony that Mrs. Dwyer had sold her stock in the Rosda Corporation to her sister is not credible. No fact or circumstance surrounding the sale and transfer was proved. The testimony as to the transaction was evasive and unconvincing.
It is apparent that the proceeding is not novel as will be revealed by an examination of the many cases cited in the annotated statutes. The statute has been on the books for nearly one hundred years.
A court of equity may not fail to act under the statute because the corporation was formed in a bona fide manner. *Page 352 
The fact could be found on the proofs that Mrs. Dwyer was the equitable owner of all the stock. That she did not become such because of the act of another is clear. She received all the benefits and she cannot say who provided the money. It was not a violent assumption for the learned Vice-Chancellor to find that it was her money. She had been at time gainfully employed.
The decree is affirmed, with costs.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.
For reversal — None.